IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REID B.,[1] | ) |
|     Plaintiff, | ) ) ) ) No. 24 C 2960 |
| v. | ) ) ) Magistrate Judge |
| FRANK BISIGNANO, Commissioner of Social Security,[2] | ) Maria Valdez ) ) |
|     Defendant. | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Reid B.'s claim for child's insurance benefits. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 15] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Frank Bisignano is substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On September 13, 2021, Plaintiff filed an application for child's insurance benefits, alleging disability since October 1, 2006. The claim was denied initially and upon reconsideration, after which he timely requested a video hearing before an Administrative Law Judge ("ALJ"), which was held on April 4, 2023. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert also testified.

On June 26, 2023, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ first determined that Plaintiff had not attained age 22 as of the alleged onset date of October 1, 2006, and step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since that date. At step two, the ALJ concluded that prior to attaining age 22, Plaintiff had the following severe impairments: bipolar disorder, attention deficit hyperactivity disorder, autism

spectrum disorder, anxiety, and depression. The ALJ concluded at step three that his impairments, alone or in combination, did not meet or medically equal a Listing prior to age 22. Before step four, the ALJ determined that prior to attaining age 22, Plaintiff retained the Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations: no concentrated exposure to pulmonary irritants; no fast-paced production rate or strict hourly quota requirements, but with end of day requirements; able to adapt to routine workplace changes with occasional interaction with supervisors and co-workers with work away from the general public; and limited to the second shift or later.

At step four, the ALJ noted that Plaintiff had no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a

Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

4

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) its evaluation of Plaintiff's treating physician was not supported by substantial evidence; and (2) it did not properly analyze Plaintiff's mental health symptoms or consider their effects in the RFC finding.

6

In finding that Plaintiff's mental health symptoms were not disabling, the ALJ appeared to rely heavily on evidence "that there is some volition involved in his behavior along with his mental health issues." (R. 36.) Specifically, the ALJ noted the report of Plaintiff's mother that Plaintiff is a manipulator and blames the world for his problems. He further described the treatment records of Dr. Leonard Carr, one of Plaintiff's treating physicians. After concluding that Plaintiff broke their substance abuse contract, Dr. Carr wrote that Plaintiff was unpredictable and manipulative and referred him to other psychiatrists. Plaintiff also failed to follow up on Dr. Carr's recommendation that he go to the hospital for a psychiatric evaluation.

The Court concludes that matter must be remanded so that the ALJ can consider whether or to what extend Plaintiff's mental health symptoms may have contributed to these behaviors. "[M]ental illness in general and bipolar disorder in particular . . . may prevent the sufferer from taking her prescribed medicines or otherwise submitting to treatment." *Kangail v. Barnhart*, 454 F.3d 627, 629 (7th Cir. 2006) (finding that because the ALJ did not consider this possibility, the decision did not provide a rational basis for the denial of benefits). "Reasons for a claimant's noncompliance with medication or treatment must be explored before relying on such noncompliance as a basis for a negative credibility assessment, particularly in the context of mental health impairments." *Jose V. v. Kijakazi*, No. 21 C 896, 2023 WL 8934938, at *5-6 (N.D. Ill. Dec. 27, 2023) (citing cases) ("Given the ALJ's discounting of Claimant's subjective symptoms, the ALJ was obligated to

7

explore the reasons for Claimant's noncompliance with medication or other treatment.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the opinion of his treating physician Dr. Steven Scholl is properly evaluated and that his RFC includes all of Plaintiff's properly supported mental health symptoms.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 15] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**      **ENTERED:**

*[signature: Maria Valdez]*

**DATE:**    **June 6, 2025**

                                           **HON. MARIA VALDEZ**
                                           **United States Magistrate Judge**